IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-21080

ELMER F WILLIAMS, II,

Plaintiff-Appellant,

versus

HOUSTON FIREFIGHTERS RELIEF AND
RETIREMENT FUND; DONNY R MYERS;
TOMMY R SHELTON; GEORGE LOWDERMILK;
MAXIE R PATTERSON; D GRADY PERDUE;
JERRY A BESSELMAN; PHILLIP J WEDGEWORTH;
ANDREA J GERBER; WINSTON JOHNSON;
J WILEY GEORGE; STRASBURGER & PRICE,
LLP; JONATHAN B CLAYTON,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Texas
(H-98-CV-63)

July 19, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Elmer R. Williams II appeals the district court's grant of summary judgment to defendants regarding Williams' 28 U.S.C. § 1983 claims that his pension fund, the Houston Firefighters Relief and Retirement Fund, denied him due process and equal protection by rejecting his request for certain pension benefits. Finding that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Fund's actions were based on a legislative act, we reject Williams's constitutional claims. We also find no error in the district court's denial of relief under Federal Rule of Civil Procedure 60(b) based on new evidence.

I

Williams is a Houston firefighter and participant in the Fund. The Fund is created by state statute and serves Houston firefighters only.[1] Both participating Fund members and the City of Houston contribute to the fund. The Fund is administered by a Board of Trustees comprised of two City officials, former firemen, and local citizens. It is given rulemaking authority under the statute.

Williams transferred from the Hollywood Park Fire Department to the Houston Department and in 1995 sought prior service credit from the Houston Fund. Williams and other firefighters based their claim, in part, on successful litigation brought by another firefighter named Glenn Holleman. In response, in July 1996, before the Fund's Board of Trustees evaluated Williams's claim, the Board made changes to the criteria for receiving prior service credit.[2] These changes made Williams and many other firefighters ineligible for the benefit. Williams was granted a hearing on his

---

[1]TEX. REV. CIV. STAT. art. 6243e.2 (1996). This statute has since been amended, but the pre-1997 statute is the version applicable in Williams's case.

[2]Those requirements were subsequently codified by the Texas legislature. See TEX. REV. CIV. STAT. art. 6243e.2(1) § 16 (2000).

2

claim in December 1996, but he was not allowed to contest the new guideline itself.

Williams brought suit against the Fund, Board members and the Board's attorneys, Strasburger & Price, alleging procedural due process and equal protection violations. In addition to this suit, Williams appealed the Board's decision to a Texas state district court under the statute's appeal provision. That court deferred its jurisdiction until 2003 or 2010, when Williams is eligible for retirement.[3] The defendants moved for summary judgment, and Williams moved for partial summary judgment arguing collateral estoppel based on the Holleman litigation. The district court granted summary judgment to the defendants. After failing on a motion to reconsider and two 60(b) motions, Williams timely appealed.

II

Williams argues that the denial of prior service credit violated his right to procedural due process and that the Board members were biased.[4] Williams does not complain of the due process afforded him at his December 1996 hearing, where his individual claim was considered; there, he had notice, counsel, an opportunity to present evidence, testify, and cross-examine

---

[3]See Williams v. Houston Fireman's Relief & Retirement Fund, 1999 WL 82441 (Tex. App.).

[4]The defendants argue that none of Williams's claims are ripe. They confuse ripeness with exhaustion.

3

witnesses, and a right to appeal to state court. Instead, he alleges that he was denied due process at the July hearing at which the Board promulgated the new guidelines.

Even assuming that Williams's former right to statutory benefits was a legitimate claim of entitlement whose judicial denial necessitated due process, the denial by the Fund's Board was not judicial but legislative. As such, the due process protections desired by Williams did not attach.[5] As a general matter, the fact that the Board interpreted the Texas statute does not make the creation of the guidelines judicial. Their legislative authority involved promulgating rules consistent with the meaning of the statute, a task which involved interpretive functions.[6]

In distinguishing the legislative from the judicial model, courts have examined whether the governmental body was motivated by deciding the best course for the group in general, or adjudicating the rights of contending petitioners.[7] Also relevant is the breadth of discretion which the governmental body enjoys.[8] Under these two criteria, the Board's July actions were more legislative than judicial. The Board was exercising its statutory authority to

---

[5]See Atkins v. Parker, 105 S. Ct. 2520, 2528-29 (1985); United States v. LULAC, 793 F.2d 636, 648 (5th Cir. 1986).

[6]See art. 6243e.2 § 2(j).

[7]See Mahone v. Addicks Util. Dist. of Harris County, 836 F.2d 921, 934-35 (5th Cir. 1988).

[8]See Mahone, 836 F.2d at 935.

4

promulgate guidelines – rules that subsequently were codified in the statute.  And the guidelines, while made in the knowledge of the pending claims before the Board, had general future applicability beyond those claims.  Williams's argument as to the bias of the Board's members also fails because the Board was acting legislatively.

## III

Williams also contends that the Board's decision denied him equal protection under the law.  He argues that the guidelines created two classes of firefighters: those coming from towns with a prior service credit like Houston's, and those coming from towns without.

As the categories are not a suspect class, the Board's actions need only reasonably relate to a legitimate state interest.  A desire on the part of the Board to save money meets this standard.  After the Holleman litigation, the Fund may have faced significant liability for which it had not planned if the City's and firemen's contributions did not cover the amount of accrued benefit.  And if the City would have been unable to make the contributions, the health of the Fund might have been endangered.[9]

## IV

---

[9]The Board also is not collaterally estopped from promulgating Guidelines not applied to Holleman: collateral estoppel does not apply to legislative acts.

5

Finally, the district court did not err in denying Williams relief under Federal Rule of Civil Procedure 60(b).  The "new" evidence relied upon by Williams -- an internal memorandum from a consultant to the Board, and the deposition testimony of two Board members taken in the state court case – does nothing to overcome the legal barriers to Williams's suit.  In addition, nothing prevented Williams from taking these depositions while the federal suit was still pending.  The new evidence did not warrant relief from the judgment.

AFFIRMED.